**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

**James Yoon**

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T   +1 202 662 5015
jyoon@cov.com

By Email

May 24, 2021

The Honorable Michael P. Shea
Abraham Ribicoff Federal Building
United States Courthouse
450 Main Street - Room 217
Hartford, CT 06103

Re:   *CLJ v. HUD*, **20-CV-01728-MPS (D. Conn) - Discovery Dispute**

Dear Judge Shea:

Plaintiffs respectfully submit this letter concerning a discovery dispute with Defendant Housing Authority of the City of Hartford ("Hartford Housing") regarding documents responsive to Plaintiffs' First Request for Production Nos. 1 and 1(e), which ask for:

- **No. 1**: All documents and communications concerning the Relocation.
- **No. 1(e)**: All documents maintained on each Relocation Class Plaintiff as may be required under 24 C.F.R. § 982.158.

**I.   Background**

Plaintiffs are former tenants of three federally-subsidized properties in the North End of Hartford. These properties were maintained in uninhabitable conditions, and consequently Defendant U.S. Department of Housing and Urban Development ("HUD") revoked their subsidies. Am. Compl. ¶ 13, ECF No. 90. All tenants of the properties were therefore forced to move, and HUD agreed to provide them with Section 8 Housing Choice Vouchers. *Id.* Defendant Hartford Housing applied for and accepted responsibility for administering the vouchers of families from two of the properties, Clay Arsenal Renaissance Apartments ("CARA") and Infill. *Id.* ¶ 14. Plaintiffs allege that Hartford Housing's handling of these relocations caused the Black and Hispanic families who resided in CARA and Infill to move to racially segregated neighborhoods. *Id.* ¶ 29. By doing so, Hartford Housing violated the Fair Housing Act by perpetuating segregation in Greater Hartford. *Id.* ¶¶ 197–208.

The documents currently in dispute are the case files of the former CARA and Infill tenants who moved during the relocations at issue. These files, at a minimum, contain data on the race of each person who moved and the location (and neighborhood) to which they moved. On February 4, 2021, Plaintiffs served the disputed requests. Ex. A. On March 8, Hartford Housing served responses and objections, which did not state it would withhold the case files from production. Ex. B. During calls on April 9 and 30, Plaintiffs asked Hartford Housing to

**COVINGTON**

The Hon. Michael P. Shea
May 24, 2021
Page 2

confirm it was collecting these files. On May 14, Hartford Housing asserted it would not be producing the files (despite its prior failure to object). The parties thereafter reached an impasse.

## II.    Argument

The Court should compel production of the requested case files because they are at the core of Plaintiffs' claims. To prove that Hartford Housing perpetuated segregation, Plaintiffs require admissible evidence on (1) the racial composition of families who relocated from CARA and Infill and (2) where those families moved. *See* Am. Compl. ¶¶ 146–151 (describing preliminary data supporting Plaintiffs' allegations that Defendants perpetuated segregation in Hartford). The case files contain that very information, as well as other information related to the relocations at issue. Although counsel for Hartford Housing has characterized the request for these files as a "fishing expedition," that is far from the case. This is instead a targeted request for files containing key demographic and location information—files so important that HUD regulations require Hartford Housing to maintain this information for at least 3 years. *See* 24 C.F.R. § 982.158(e)–(f). Indeed, Plaintiffs anticipate the files will be key exhibits in any summary judgment motion or trial.

Hartford Housing did not formally object to producing these files, and so waived any right to do so now. *See* Ex. B; Fed. R. Civ. P 34(b)(3)(C). Instead, months after these requests were served, Hartford Housing is now arguing it would be overly burdensome to produce them because it would require redacting personal information. Any redaction burden, however, is self-inflicted because Hartford Housing could designate the files as Confidential or Attorney's Eyes Only to avoid or reduce redactions. ECF No. 4. Even assuming *arguendo* that some redactions will be necessary, Plaintiffs' request for approximately 200 files containing highly relevant information is proportional to the needs of the case—and Hartford Housing has failed to meet its burden to show the contrary. *See Ferguson v. TD Bank, N.A.*, 268 F.R.D. 153, 155 (D. Conn. 2010) ("[T]he objecting party bears the burden of demonstrating specifically how . . . each [request] is . . . burdensome or oppressive by . . . offering evidence revealing the nature of the burden." (internal quotation marks and citations omitted)). Hartford Housing's claim of burden is also undermined by the position of other Defendants. Plaintiffs served identical requests on Defendants City of Hartford and Imagineers, who possess similar files for tenants who moved from a third property at issue in this lawsuit. City of Hartford's only objection to producing them was that they were in the possession of Imagineers; Imagineers agreed to produce them.

Lastly, Hartford Housing has suggested that this dispute is a non-issue because it will produce the case files to the extent they are collected through a search of custodial files the parties agreed will be searched in response to certain other requests. That is not a solution. The case files at issue are *not* part of the custodial files that Hartford Housing agreed to produce, and as such, they will not be produced without court intervention.

For these reasons, Plaintiffs respectfully request the Court order Hartford Housing to produce its case files for the tenants who moved from CARA and Infill during the relocation.

**COVINGTON**
The Hon. Michael P. Shea
May 24, 2021
Page 3

Respectfully submitted,

*/s/ James Yoon*

James Yoon

cc:     Anthony Corleto, Esq.
        Jake Goldstein, Esq.

## CERTIFICATION

Plaintiffs certify that they have complied with their good faith conference obligations under Federal Rule of Civil Procedure 37(a)(1) and Local Rule 37(a).


By: /s/ James Yoon

Peter M. Haberlandt (# ct27036)
Erin Boggs (# ct22989)
OPEN COMMUNITIES ALLIANCE
75 Charter Oak Avenue
Suite 1-200
Hartford, CT 06106
phaberlandt@ctoca.org
eboggs@ctoca.org


J. L. Pottenger, Jr. (# ct05479)
Shana Hurley (law student intern)
Zoe Masters (law student intern)
Benjamin Gerig Shelly (law student intern)
Jerome N. Frank Legal Services
Organization
Yale Law School
P.O. Box 209090
New Haven, CT 06520-9090
(203) 432-4800
j.pottenger@ylsclinics.org

Thomas Silverstein (# phv10914)
LAWYERS' COMMITTEE FOR CIVIL
RIGHTS UNDER LAW
1500 K Street NW Suite 900
Washington, DC 20005
(202) 662-8600
tsilverstein@lawyerscommittee.org

Lanny A. Breuer (# phv11026)
Shankar Duraiswamy (# phv10818)
Daniel Suleiman (# phv11024)
James Yoon (# phv11028)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
(202) 662-5324
lbreuer@cov.com
dsuleiman@cov.com
sduraiswamy@cov.com
jyoon@cov.com


Alexander Setzepfandt (# phv11023)
Sarah Mac Dougall (# phv1081e)
Shira Poliak (# phv11027)
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
(212) 841-1000
asetzepfandt@cov.com
smacdougall@cov.com
spoliak@cov.com


*Counsel for Plaintiffs*

**EXHIBIT A - Excerpts of Plaintiffs' Requests**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CENTER FOR LEADERSHIP AND JUSTICE, for itself; TRINITY CLAUDIO, YULISSA ESPINAL, MARINA ILARRAZA, ASHLEY MATOS, MIRNA MEDINA, MILAGROS ORTIZ, MARITZA ROSARIO and NETZABILIE TORRES, individually and on behalf of all others similarly situated, | ) ) ) ) ) ) ) ) | ECF Case |
| PLAINTIFFS, | ) ) | CASE NO. 3:20-CV-01728-MPS |
| v. | ) ) | **PLAINTIFFS' FIRST SET OF** |
| UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; BEN CARSON, in his official capacity as Secretary of United States Department of Housing and Urban Development; HOUSING AUTHORITY OF THE CITY OF HARTFORD; THE CITY OF HARTFORD, d/b/a THE CITY OF HARTFORD HOUSING AUTHORITY; and IMAGINEERS, LLC, | ) ) ) ) ) ) ) ) ) ) ) | **REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT HOUSING AUTHORITY OF THE CITY OF HARTFORD** |
| DEFENDANTS. | ) | |

## PLAINTIFFS' FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT HOUSING AUTHORITY OF THE CITY OF HARTFORD

Pursuant to Federal Rules of Civil Procedure 26 and 34, and Local Civil Rule 26, Plaintiffs Trinity Claudio, Yulissa Espinal, Marina Ilarraza, Ashley Matos, Mirna Medina, Milagros Ortiz, Maritza Rosario, and Netzabilie Torres, individually and on behalf of all others similarly situated, and Center for Leadership and Justice ("CLJ") (collectively, "Plaintiffs"), through their undersigned counsel, hereby request that Defendant Housing Authority of the City of Hartford produce the documents and things described below for inspection and copying at the offices of Covington & Burling LLP, One CityCenter, 850 Tenth Street NW, Washington, DC 20001, or at a place mutually agreeable to the parties within the time prescribed by Federal Rules of Civil Procedure, in accordance with the definitions and instructions below.

communications that attach or enclose the subject matter, even if the subject matter is not otherwise mentioned or stated in the document or communication.

19.     The term "Relocation" refers to the relocation of families who received housing choice vouchers after HUD terminated its HAP contract with the Clay Arsenal Renaissance Apartments ("CARA"), Barbour Gardens, and/or Infill I properties.

20.     The term "Relocation Class Plaintiffs" refers to all persons whose families received housing choice vouchers and were relocated after HUD terminated its HAP contract with the Clay Arsenal Renaissance Apartments ("CARA"), Barbour Gardens, and/or Infill I properties.

21.     The terms "You" and "Your" refer to Housing Authority of the City of Hartford and each of its respective predecessors, successors, divisions, subsidiaries, and affiliates; each other person directly or indirectly, wholly or in part, owned or controlled by them; each partnership or joint venture to which any of them is a party; and all present and former directors, officers, employees, agents, consultants, or other persons acting on behalf of any of them.

22.     To bring within the scope of these requests all documents that might otherwise be construed to be outside of their scope, the following rules of construction apply: (i) the masculine, feminine, or neuter pronoun shall not exclude other genders; (ii) the word "including" shall be read to mean "including without limitation"; (iii) the present tense shall be construed to include the past tense and vice versa; (iv) references to employees, officers, directors, or agents shall include both current and former employees, officers, directors, and agents; (v) the terms "and" and "or," and "all" and "each," shall be construed in accordance with Local Civil Rule 26(d); and (vi) in accordance with Local Civil Rule 26(d), the use of the singular form of any word includes the plural and vice versa.

13.     If You redact information from a document produced in response to a request, You shall identify the redaction by stamping the word "Redacted" on the document at each place where information has been redacted and separately log each redaction on the privilege log.

14.     In producing documents, produce the originals if the originals differ in any respect from copies.  Documents that are in paper form or that constitute other physical objects from which recorded information may be visually read, as well as audio or video tapes and similar recordings, should be produced in their original form or in copies that are exact duplicates of the originals.

15.     All electronically stored information and documents should be produced in accordance with the parties' agreement or court order.

16.     Hard copy documents should be produced as they are maintained in the normal course of business and: (a) all associated file labels, file headings thereon, and file folders shall be produced together with the responsive documents from each file such that the labels, headings, and folders precede the documents with which they are associated; (b) all documents that cannot be legibly copied shall be produced in their original form; otherwise, You may produce photocopies; and (c) each page shall be given a discrete production number.  Thus, all documents that are physically attached to each other shall be produced in that form.  Documents that are segregated or separated from other documents, whether by inclusion in binders, files or sub-files, or by the use of dividers, tabs or any other method, shall be produced in that form.  In addition, documents shall be produced in the order in which they were maintained.

**III.    Requests for Production**

1.     All documents and communications concerning the Relocation, including:

   a.   All documents concerning Your appointment to serve as HCV program administrator for the Relocation Class Plaintiffs from the CARA and Infill I

properties, including any proposals or applications submitted prior to Your appointment;

b. All documents concerning Your provision of, and Your decision to provide, any benefits and services, including Mobility Counseling Services, to the Relocation Class Plaintiffs;

c. All documents concerning the selection of Leumas to provide, and Leumas's provision of, benefits and services to the Relocation Class Plaintiffs;

d. All documents concerning the deadlines, and any extension of the deadlines, for the Relocation Class Plaintiffs to use their HCVs and/or any services and benefits;

e. All documents maintained on each Relocation Class Plaintiff as may be required under 24 C.F.R. § 982.158;

f. All documents provided to the Relocation Class Plaintiffs concerning any available benefits and services and the administration of the HCV program, including any written notices, listings of housing units, and informational packets;

g. All communications with the Relocation Class Plaintiffs, Leumas, Defendants, CLJ, congressional representatives, Landlords, public housing agencies, and/or any other person regarding the Relocation.

2.   All policies, protocols, and contracts relating to Your provision of any benefits and services, including Mobility Counseling Services, to families receiving the HCVs You administer, including any training materials provided to Your agents.

3.   All of Your policies effective during the Relevant Period concerning the administration of the HCV program, including any administrative plans and agreements with HUD.

**EXHIBIT B - Excerpts of Hartford Housing's Response**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

CENTER FOR LEADERSHIP AND )
JUSTICE, for itself; TRINITY CLAUDIO, )
YULISSA ESPINAL, MARINA ILARRAZA, )
ASHLEY MATOS, MIRNA MEDINA, )
MILAGROS ORTIZ, MARITZA ROSARIO )
and NETZABILIE TORRES, individually and )
on behalf of all others similarly situated, )          ECF Case
)
    PLAINTIFFS, )          CASE NO. 3:20-CV-01728-MPS
)
        v. )          **DEFENDANT HOUSING**
)          **AUTHORITY OF THE CITY OF**
UNITED STATES DEPARTMENT OF )          **HARTFORD OBJECTION TO**
HOUSING AND URBAN DEVELOPMENT; )      **PLAINTIFFS' FIRST SET OF**
BEN CARSON, in his official capacity as )          **REQUESTS FOR PRODUCTION OF**
Secretary of United States Department of )      **DOCUMENTS**
Housing and Urban Development; HOUSING )
AUTHORITY OF THE CITY OF )
HARTFORD; THE CITY OF HARTFORD, )
d/b/a THE CITY OF HARTFORD HOUSING )
AUTHORITY; and IMAGINEERS, LLC, )
)
    DEFENDANTS. )

### DEFENDANT HOUSING AUTHORITY OF THE CITY OF HARTFORD'S OBJECTION TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant, Housing Authority of the City of Hartford ("HACH" or "Defendant") through

counsel, hereby objects and responds to Plaintiffs' First Set of Requests for Production as

follows:

**General Statement and Objection**

Defendant's rights and duties with respect to Plaintiffs' First Set of Interrogatories and

Requests for Production are specified by the Federal Rules of Court and of Civil Procedure and

the Local Federal Rules (and any standing orders), as construed in applicable case law.

Defendant therefore rejects and objects to Plaintiffs' Instructions and the corresponding

Interrogatories and First Set of Requests for Productions to the extent that they seek to impose

burdens on Defendant that are not mandated by said rules.

**Objections to Plaintiffs' Requests for Production**

1. **All documents and communications concerning the Relocation, including a-g:**
**Answer:**

Defendant objects to responding to the Request for Production that seeks information prepared by Defendant and/or its legal counsel in preparation for trial. Such material is confidential work product and is not subject to discovery. Moreover, Defendant objects to responding to any Interrogatory and Request for Production that may consist of confidential attorney-client communications. Defendant, therefore, asserts the work product and attorney-client protection privileges.

Defendant further objects to these Requests for Production insofar as they seek discovery related to matters other than those involved in this lawsuit. Propounding such discovery, Plaintiffs are seeking some information that is not relevant to issues in this lawsuit, and is neither admissible nor reasonably calculated to lead to the discovery of admissible evidence.

Defendant objects to the Plaintiffs' instructions and definitions on the grounds that they are ambiguous, vague, and confusing, overly broad and seeks documents which are not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the above objections, Defendant HACH hereby states that it will provide responsive documents that are not the subject of the objections, on or before the deadline for production of documents set forth in the scheduling order in this case.

2. **All policies, protocols, and contracts relating to Your provision of any benefits and services, including Mobility Counseling Services, to families receiving the HCVs You administer, including any training materials provided to Your agents.**

Answer:

Defendant objects to responding to the Request for Production that seeks information prepared by Defendant and/or its legal counsel in preparation for trial. Such material is confidential work product and is not subject to discovery. Moreover, Defendant objects to responding to any Interrogatory and Request for Production that may consist of confidential attorney-client communications. Defendant, therefore, asserts the work product and attorney-client protection privileges.

Defendant further objects to these Requests for Production insofar as they seek discovery related to matters other than those involved in this lawsuit. Propounding such discovery, Plaintiffs are seeking some information that is not relevant to issues in this lawsuit, and is neither admissible nor reasonably calculated to lead to the discovery of admissible evidence.