**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| CENTER FOR LEADERSHIP AND JUSTICE, for itself; SHAWANDA BREEDLOVE, TRINITY CLAUDIO, TAMMY DAVIS, YULISSA ESPINAL, STEPHANIE GRANT, MARINA ILARRAZA, ASHLEY MATOS, MIRNA MEDINA, MILAGROS ORTIZ, MARITZA ROSARIO and NETZABILIE TORRES, individually and on behalf of all others similarly situated, | No. 3:20-cv-1728-SALM |
| | **JURY DEMANDED** |
| *Plaintiffs*, | |
| v. | |
| UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; Marcia Fudge, in her official capacity as Secretary of United States Department of Housing and Urban Development; HOUSING AUTHORITY OF THE CITY OF HARTFORD; THE CITY OF HARTFORD, d/b/a THE CITY OF HARTFORD HOUSING AUTHORITY; and IMAGINEERS, LLC, | |
| *Defendants*. | |

**JOINT STATUS REPORT OF COUNSEL**

## PRELIMINARY STATEMENT

Pursuant to the Revised Scheduling Order and Case Management Plan (ECF No. 154), the Parties submit this Joint Status Report of Counsel.

## FACTUAL BACKGROUND

This suit concerns the relocation of former residents from three federally subsidized buildings in Hartford, Connecticut and has been proceeding for over a year. On November 18, 2020, a group of twelve Black or Hispanic women who are former tenants of three subsidized properties in the North End of Hartford (the "Individual Plaintiffs") and the Center for Leadership and Justice ("CLJ," and collectively, "Plaintiffs")[1] filed suit against the United States Department of Housing and Urban Development ("HUD"); Marcia L. Fudge, in her official capacity as Secretary of HUD; the Housing Authority of the City of Hartford ("HACH"); The City of Hartford, d/b/a The City of Hartford Housing Authority ("City of Hartford"); and Imagineers, LLC ("Imagineers" and collectively, "Defendants").[2] ECF No. 1.

On May 14, 2021, Plaintiffs filed an Amended Complaint against HUD and the Non-Federal Defendants. ECF No. 90. As for HUD, Plaintiffs have brought claims under the Administrative Procedure Act, 5 U.S.C. § 701 et seq., alleging that (1) HUD's relocation plan was arbitrary, capricious, not in accordance with law, and short of the statutory right guaranteed by the duty to affirmatively further fair housing because HUD's plan perpetuated segregation in Hartford and (2) HUD's decision to re-subsidize two of the three subsidized properties—Clay Arsenal Renaissance Apartments and Barbour Gardens Apartments—was arbitrary, capricious, and not in

---

[1] On January 31, 2022, Plaintiffs filed a motion to voluntarily dismiss Cyvonne Cook pursuant to Federal Rule of Civil Procedure 41(a)(2). ECF No. 142. The Court granted the motion that same day. ECF No. 143.

[2] HACH, the City, and Imagineers are collectively referred to as the "Non-Federal Defendants."

accordance with law. *Id.* ¶¶ 182–196, 220–235. Regarding Plaintiffs' claims against the Non-Federal Defendants, Plaintiffs bring claims under the Fair Housing Act, 42 U.S.C. §§ 3604(a) & (b), and allege that the Non-Federal Defendants, by designing and implementing flawed relocation plans, perpetuated segregation in Hartford. *Id.* ¶¶ 197–219.

Decisions remain outstanding on the Non-Federal Defendants' motions to dismiss the amended complaint, which were filed on May 26 and May 28. ECF Nos. 93, 98. Should the Court deny those motions to dismiss, the Non-Federal Defendants expect to deny the allegations of the amended complaint. HUD filed its Answer to the Amended Complaint on July 26, 2021, denying Plaintiffs' allegations. ECF No. 112.

## I.   Discovery Summary

On June 3, 2021, the Non-Federal Defendants filed a Motion to Stay Discovery in this case. ECF No. 102. On December 13, 2021, the Court denied the Non-Federal Defendants' Motion to Stay Discovery. ECF No. 133.

On February 9, 2022, the Court granted in part the parties' Joint Motion to Amend Scheduling Order. ECF Nos. 153, 154. The parties have been working diligently and cooperatively to complete fact discovery.

### A.   Discovery Status with Imagineers

On February 4, 2021, Plaintiffs served their First Set of Requests for Production of Documents and Interrogatories on Imagineers. On March 31, 2021, Imagineers served its Objections and Reponses to Plaintiffs' First Set of Requests for Production of Documents and Interrogatories.

On May 14, 2021, Plaintiffs served their Second Set of Requests for Production of Documents on Imagineers. On June 14, 2021, Imagineers served its Objections and Responses to Plaintiffs' Second Set of Requests for Production of Documents.

On June 8, 2021, Plaintiffs served their First Set of Requests for Admission on Imagineers. On July 16, 2021, Imagineers served its Objections and Reponses to Plaintiffs' First Set of Requests for Admission.

On July 30, 2021, Imagineers served its First Set of Requests for Production of Documents on Plaintiffs. On August 30, 2021, Plaintiffs served their Responses and Objections to Imagineers' First Set of Requests for Production of Documents.

On September 3, 2021, Plaintiffs served their Second Set of Interrogatories on Imagineers. On November 4, 2021, Imagineers served its Objections and Responses to Plaintiffs' Second Set of Interrogatories.

On December 21, 2022, Imagineers served its First Set of Interrogatories, its Second Set of Requests for Production of Documents, and its First Set of Requests for Admission to CLJ, Maritza Rosario, Marina Ilarraza, and Tammy Davis. On February 3, 2022, Plaintiffs served their Responses and Objections to Imagineers' First Set of Requests for Admission to CLJ, Maritza Rosario, Marina Ilarraza, and Tammy Davis. On February 11, 2022, Plaintiffs served their Responses and Objections to Imagineers' First Set of Interrogatories and Second Set of Requests for Production of Documents.

On January 21, 2022, Imagineers served Notices of Deposition for Plaintiffs Tammy Davis, Maritza Rosario, and Marina Ilarraza.

3

On August 17, 2021; October 6, 2021; November 4, 2021; January 13, 2022; January 20, 2022; and February 3, 2022, Imagineers produced documents to Plaintiffs. On January 28, 2022, Imagineers served a privilege log.

On September 13, 2021, January 11, 2022, and January 24, 2022 Plaintiffs produced documents to Imagineers. On January 13, 2022, Plaintiffs served a privilege log and on February 11, 2022 Plaintiffs served an updated privilege log.

On October 21, 2021, Plaintiffs took a deposition of Imagineers' witness Turquoise Blue. On December 9, 2021, Plaintiffs took a deposition of Imagineers' witness Maria Stoute. On February 15, 2022, Plaintiffs took a deposition of Imagineers' witness Kenneth Schultz. Plaintiffs do not anticipate taking any more depositions of Imagineers' witnesses.

Currently, there are no outstanding discovery disputes between Plaintiffs and Imagineers. However, Imagineers' review of Plaintiffs' Responses and Objections to Imagineers' First Set of Requests for Admission, Responses and Objections to Imagineers' First Set of Interrogatories, and Responses and Objections to Imagineers' Second Set of Requests for Production of Documents is ongoing. If Imagineers identifies what it perceives as inadequacies in Plaintiffs' Responses and Objections, Imagineers will bring the perceived inadequacies to the Plaintiffs' attention, and the parties will work to resolve any disputes concerning the same without burdening the Court.

### B.    Discovery Status with HACH

On February 4, 2021, Plaintiffs served their First Sets of Requests for Production of Documents and Interrogatories on HACH. On March 8, 2021, HACH served its Objections and Responses to Plaintiffs' First Set of Requests for Production of Documents. On March 30, 2021, HACH served its Objections and Responses to the First Set of Requests for Interrogatories.

4

On May 14, 2021, Plaintiffs served their Second Set of Requests for Production of Documents on HACH. On June 21, 2021, HACH served its Objections and Responses to Plaintiffs' Second Set of Requests for Production of Documents.

On June 8, 2021, Plaintiffs served their First Set of Requests for Admission on HACH. On July 8, 2021, HACH served its Objections and Reponses to Plaintiffs' First Set of Requests for Admission. On August 18, 2021, HACH served its Amended Objections and Reponses to Plaintiffs' First Set of Requests for Admission.

On July 15, 2021, HACH served their First Set of Requests of Admission on Plaintiffs. On August 16, 2021, Plaintiffs served its Objections and Responses to HACH's First Set of Requests of Admission.

On September 3, 2021, Plaintiffs served their Second Set of Interrogatories on HACH. On October 1, 2021, HACH served its Objections and Reponses to Plaintiffs' Second Set of Interrogatories.

On December 21, 2022, HACH served its First Set of Interrogatories and its First Set of Requests for Admission to Ashley Matos, Cyvonne Cook, Milagros Ortiz, Mirna Medina, Netzabilie Torres, Shawanda Breedlove, Stephanie Grant, Trinity Claudio, and Yulissa Espinal. On February 3, 2022, Plaintiffs served their Responses and Objections to HACH's First Set of Requests for Admission to Ashley Matos, Milagros Ortiz, Mirna Medina, Netzabilie Torres, Shawanda Breedlove, Stephanie Grant, Trinity Claudio, and Yulissa Espinal. On February 11, 2022, Plaintiffs served their Responses and Objections to HACH's First Set of Interrogatories.

On January 11, 2022, HACH served Notices of Deposition for Plaintiffs Ashley Matos, Cyvonne Cook, Milagros Ortiz, Mirna Medina, Netzabilie Torres, Shawanda Breedlove, Stephanie Grant, Trinity Claudio, and Yulissa Espinal.

5

On July 27, 2021, August 18, 2021, November 2, 2021, November 10, 2021, November 11, 2021, November 23, 2021, November 30, 2021, and January 17, 2022, HACH produced documents to Plaintiffs. HACH has not yet served a privilege log nor committed to a date certain to serve same.

On September 13, 2021, January 11, 2022, and January 24, 2022 Plaintiffs produced documents to HACH. On January 13, 2022, Plaintiffs served a privilege log and on February 11, 2022 Plaintiffs served an updated privilege log.

On October 26, 2021, Plaintiffs took a deposition of HACH's witness Katrina Ortiz. On October 27, 2021, Plaintiffs took a deposition of HACH's witness Caroline Morales. On February 1, 2022, Plaintiffs took a deposition of HACH's witness Annette Sanderson. Plaintiffs do not anticipate taking any more depositions of HACH's witnesses.

Currently there are no outstanding discovery disputes between Plaintiffs and HACH. However, HACH's review of Plaintiffs' Responses and Objections to HACH's Second Set of Requests for Admission, Responses and Objections to HACH's First Set of Interrogatories is ongoing. If HACH identifies what it perceives as inadequacies in Plaintiffs' Responses and Objections, HACH will bring the perceived inadequacies to the Plaintiffs' attention, and the parties will work to resolve any disputes concerning the same without burdening the Court.

## C.    Discovery Status with Non-Party Leumas

On May 5, 2021, Plaintiffs issued a Subpoena to Produce Documents on HUD's contractor Leumas.

On June 3, 2021, HUD filed Responses and Objections to the Leumas Subpoena.

On June 9, 2021, Leumas served its own Responses and Objections to the Subpoena.

On September 9, 2021, the Court issued an Amended Protective Order to address interests protected by the Privacy Act and the Trade Secrets Act. ECF No. 117. On September 22, 2021, Leumas produced the tenant files of the twelve named individual Plaintiffs subject to the Amended Protective Order.

On November 19, 2021, once the meet and confer process concluded without yielding a resolution of outstanding discovery disputes, Plaintiffs filed a Motion to Compel Non-Party Compliance with Subpoena (the "Motion to Compel") in the U.S. District Court for the Eastern District of Virginia. 3:21-mc-00011-DJN (E.D. Va.), ECF No. 1–2. On November 30, 2021, the U.S. District Court for the Eastern District of Virginia granted the Motion to Transfer. *Id.*, ECF No. 5.

On December 13, 2021, Plaintiffs refiled their Motion to Compel in this Court in compliance with the Court's Order. 3:21-mc-00096-SALM, ECF No. 14. That same day, the Court referred Plaintiffs' Motion to Compel to Magistrate Judge Robert M. Spector. 3:21-mc-00096-SALM, ECF No. 15. Leumas and HUD filed briefs in opposition on January 4, 2022, *id*., ECF Nos. 18, 19, and Plaintiffs filed a brief in further support on January 18, 2022, *id*., ECF No. 29. On January 21, 2021, Magistrate Judge Spector held a first discovery conference with Plaintiffs, HUD, and Leumas to address the Motion to Compel, and on February 4, 2022, Magistrate Judge Spector held a second discovery conference with the parties. On February 9, 2022, the parties filed a proposed order governing the scope of Leumas discovery, and on February 10, 2022, the Court entered the Order Governing Scope of Leumas Residential LLC's Discovery (the "Order"). *Id.*, ECF No. 37.

Plaintiffs submitted to HUD a *Touhy* letter on February 10, 2022. Pursuant to the terms of the Order, HUD will issue an administrative determination on the *Touhy* letter by February 25,

2022. Thereafter, in accordance with the terms of the Order, Leumas will produce documents and Plaintiffs will take the deposition of Leumas employee Nathanial Brooks in his personal and Rule 30(b)(6) capacities. Plaintiffs, Leumas, and HUD are working collaboratively to determine a timeframe for the production of Leumas documents and to schedule Nathaniel Brooks' deposition.

Currently there are no outstanding discovery disputes between Plaintiffs and Leumas.

### D.      Discovery Status with City of Hartford

On February 4, 2021, Plaintiffs served their First Set of Requests for Production of Documents and First Set of Interrogatories on City of Hartford. On March 8, 2021, City of Hartford served its Objections and Reponses to Plaintiffs' Requests for Production of Documents and Interrogatories.

On May 14, 2021, Plaintiffs served their Second Set of Requests for Production of Documents on City of Hartford. On June 14, 2021, City of Hartford served its Objections and Reponses to the Requests for Production of Documents.

On May 24, 2021, City of Hartford served its First Set of Requests for Production of Documents on Plaintiffs. On June 23, 2021, Plaintiffs served its Objections and Responses to City of Hartford's Requests for Production of Documents.

On June 8, 2021, Plaintiffs served their First Set of Requests for Admission on City of Hartford. On July 8, 2021, City of Hartford served its Objections and Reponses to the Requests for Admission.

On September 3, 2021, Plaintiffs served their Second Set of Interrogatories on City of Hartford. On October 1, 2021, City of Hartford served its Objections and Reponses to the Interrogatories.

On December 21, 2021, City of Hartford served its First Set of Interrogatories, and its First Set of Requests for Admission to CLJ, Tammy Davis, Marina Ilarraza, and Maritza Rosario. On December 21, 2021 City of Hartford also served a Notice of Rule 30(b)(6) Deposition on CLJ. On February 3, 2022, Plaintiffs served their Responses and Objections to City of Hartford's First Set of Requests for Admission to CLJ, Tammy Davis, Marina Ilarraza, and Maritza Rosario. On February 11, 2022, Plaintiffs served their Responses and Objections to City of Hartford's First Set of Interrogatories.

On August 6, 2021, August 27, 2021, September 13, 2021, January 11, 2022, and January 24, 2022 Plaintiffs produced documents to City of Hartford. On January 13, 2022, Plaintiffs served a privilege log and on February 11, 2022 Plaintiffs served an updated privilege log.

On August 25, 2021, City of Hartford produced documents to Plaintiffs. On January 13, 2022, the City of Hartford served a privilege log.

On December 10, 2021, Plaintiffs took a deposition of City of Hartford's witness Brian Mathews. On February 9, 2022, Plaintiffs took a deposition of Erik Johnson, a former employee of the City of Hartford. Plaintiffs do not anticipate taking any more depositions of City of Hartford witnesses.

On February 12, 2022, City of Hartford alerted Plaintiffs to perceived inadequacies in Plaintiffs' responses to City of Hartford's discovery requests. The parties are working to resolve any dispute without burdening the Court.

### E. Discovery Status with HUD

On June 2, 2021, Plaintiffs served their First Set of Requests for Production of Documents to HUD. On July 2, 2021, HUD served its Objections and Responses to Plaintiffs' Requests for Production of Documents.

9

On July 26, 2021, HUD served its First Requests for Production of Documents on the Individual Plaintiffs and CLJ regarding standing (and class certification). On August 25, 2021, the Individual Plaintiffs and CLJ served their respective Responses and Objections to HUD's First Requests for Production of Documents.

On September 13, 2021, January 11, 2022, and January 24, 2022, Plaintiffs produced documents to HUD. On January 13, 2022, Plaintiffs served a privilege log and on February 11, 2022, Plaintiffs served an updated privilege log.

On October 15, 2021, HUD produced the administrative record pursuant to the Administrative Procedure Act (which is not "discovery").

On October 27, 2021, HUD served a Subpoena on Non-Party Open Communities Alliance ("OCA"), an advocacy organization and one of Plaintiffs' attorneys in this matter. On November 10, 2021, OCA submitted its Responses and Objections to HUD's subpoena, which objected to producing any documents in response to the subpoena and offered to have a meet and confer with HUD. HUD has withdrawn this subpoena.

On December 21, 2021, HUD served a second Subpoena on OCA. On January 4, 2022, OCA submitted its Responses and Objections to HUD's second subpoena, which objected to producing any documents in response to the subpoena and offered to have a meet and confer with HUD. HUD and OCA are working together to arrange a meet and confer regarding OCA's Responses and Objections to HUD's second subpoena.

On November 10, 2021, HUD provided Plaintiffs with a letter alerting Plaintiffs to possible deficiencies regarding the Individual Plaintiffs' and CLJ's respective Responses and Objections to HUD's First Requests for Production of Documents. On December 7, 2021, HUD and Plaintiffs met and conferred regarding HUD's November 10 letter. HUD and Plaintiffs met and conferred

on February 16, 2022, and continue their efforts to resolve this dispute without burdening the Court.

On December 13, 2021, Plaintiffs alerted HUD to possible deficiencies in the produced administrative record (which is not "discovery"). HUD and Plaintiffs have been conferring by letter and phone, most recently on February 16, 2022, and continue their efforts to resolve this dispute without burdening the Court.

On December 21, 2021, HUD served on Plaintiffs a Second Set of Requests for Production, a First Set of Interrogatories to CLJ, a First Set of Interrogatories to the Individual Plaintiffs, and a First Set of Requests for Admission to the Individual Plaintiffs. On February 11, 2022, Plaintiffs served their Responses and Objections to HUD's Second Set of Requests for Production, First Set of Interrogatories to CLJ, First Set of Interrogatories to the Individual Plaintiffs, and First Set of Requests for Admission to the Individual Plaintiffs. HUD and Plaintiffs are working together to arrange a meet and confer regarding Plaintiffs' Responses and Objections to HUD's Second Set of Requests for Production, First Set of Interrogatories to CLJ, First Set of Interrogatories to the Individual Plaintiffs, and First Set of Requests for Admission to the Individual Plaintiffs.

On January 7, 2022, Plaintiffs served HUD with a Rule 30(b)(6) deposition notice. On February 16, 2022, HUD sent Plaintiffs a counterproposal. HUD and Plaintiffs have been engaged in ongoing negotiations related to the Rule 30(b)(6) deposition notice. HUD and Plaintiffs are working to resolve this dispute without burdening the Court.

### F.    Significant Discovery Yet to Be Completed

Over the coming months, the Parties expect to conduct additional discovery.

On the part of Plaintiffs, Plaintiffs expect to depose one individual from HUD in a Rule 30(b)(6) capacity and Nathaniel Brooks from Leumas in both his individual and Rule 30(b)(6)

11

capacities. At this time, Plaintiffs do not anticipate noticing any additional depositions, but reserve their rights to take additional depositions should it be warranted as discovery progresses. Plaintiffs and the Defendants are working collaboratively to schedule the depositions of Plaintiffs.

Plaintiffs further expect to receive the following additional materials: (1) documents from Leumas in accordance with the Order and (2) documents from HUD to the extent that the Administrative Record (which is not "discovery") is incomplete and requires completion.

The Non-Federal Defendants have noticed depositions of Plaintiff CLJ (in a Rule 30(b)(6) capacity) and each of the eleven remaining Individual Plaintiffs. Those depositions have been deferred to accommodate witness schedules and extensions that the parties agreed upon. Plaintiffs and Defendants are working collaboratively to reschedule these depositions, which they expect will take place in March and April. At this time, the Non-Federal Defendants do not expect to notice any additional depositions. HUD expects to join in depositions of Plaintiffs and will issue its own deposition notices, to conform with the times and dates of Non-Federal Defendants' notices.

Finally, once fact discovery concludes, the Parties expect to engage in expert discovery. This will entail disclosing experts and conducting depositions of any disclosed experts.

## II.    Remaining Discovery Deadlines

The remaining deadlines in this case are set forth below. Currently, the Parties do not contemplate any extensions of these deadlines. However, fact discovery is ongoing and the Parties reserve their rights to seek extensions to the below deadlines for good cause pursuant to the Revised Scheduling Order and Case Management Plan. ECF No. 154.

| Event | Deadline |
|---|---|
| Second joint status report | 2/18/2022 |
| Completion of fact discovery | 4/12/2022 |
| Third joint status report | 4/15/2022 |

| Event | Deadline |
|---|---|
| "Urged" to revisit settlement | Prior to expert disclosure deadlines |
| Initial expert reports | 4/26/2022 |
| Complete initial expert depositions | 5/17/2022 |
| Rebuttal expert reports | 6/7/2022 |
| End of rebuttal expert depositions | 6/28/2022 |
| Fourth joint status report | 6/17/2022 |
| Motions for class certification and/or summary judgment | 8/19/2022 |
| Fifth joint status report | 8/17/2022 |
| Opposition to motions for class certification and/or summary judgment | 10/18/2022 |
| Reply briefs in support of motions for class certification and/or summary judgment | 11/17/2022 |
| Motions related to preclusion of an expert | 30 days after ruling on summary judgment motion |
| Joint trial memorandum | To be set by the Court after a ruling on class certification, summary judgment, or preclusion of an expert (whichever is the latest), the Parties shall submit a Joint Status Report proposing the Joint Trial Memorandum deadline |

## III.    Amendments to Pleadings or Parties

Currently, the Parties do not contemplate submitting any amendments to the pleadings or adding additional parties to this action. However, fact discovery is ongoing and the Parties reserve their rights to amend the pleadings and/or add additional parties to this action. Defendants would likely oppose any amendment of the pleadings or adding of additional parties based on Rule 15 and Judge Shea's April 23, 2021, Order providing that the Court would not permit further amendments after May 14, 2021. ECF No. 87.

## IV.    Dispositive Motions

Plaintiffs expect to file motions for class certification in accordance with the Court's Revised Scheduling Order and Case Management Plan (ECF No. 154), oppose any motions for

summary judgment filed by Defendants, and oppose any Motion for Judgment on the Pleadings filed by HUD. Given that fact discovery is ongoing and the Parties have not yet begun expert discovery, Plaintiffs are unable to affirmatively state whether they expect or do not expect to file any other dispositive motions. Plaintiffs will continue to evaluate the need for additional dispositive motions as this case progresses.

The Non-Federal Defendants filed dispositive motions to dismiss all claims asserted against them on May 26 and May 28, 2021. ECF Nos. 93, 98. Plaintiffs filed an opposition to those motions on June 16, 2021. ECF No. 105. The Non-Federal Defendants filed replies in support of their motions on June 30, 2021. ECF Nos. 108, 110. The Court has not ruled or scheduled argument on the motions to dismiss.

Should the Court deny the motions to dismiss, the Non-Federal Defendants expect to file motions for summary judgment. HUD intends to file a Motion for Judgment on the Pleadings (MJOP) under Fed. R. Civ. P. 12(c), arguing, *inter alia*, that there is no subject matter jurisdiction over HUD in this matter.[3] HUD plans to file a motion for summary judgment in the event that the anticipated MJOP does not result in dismissal of claims against it.

Defendants also expect to ask the Court to amend the existing schedule so that these motions for summary judgment are briefed and decided before the parties address class certification or other issues. Such a modification of the schedule would be more efficient for both the Court and the Parties, because Defendants believe they are entitled to summary judgment

---

[3] Plaintiffs would oppose any such motion, including for the reason that, on April 21, 2021, Plaintiffs consented to a 60-day extension from the date of the first mediation session for HUD to Answer the Complaint in exchange for HUD's commitment that HUD would not file a motion to dismiss. If HUD were to file a Motion for Judgment on the Pleadings for lack of subject matter jurisdiction, they would effectively be violating that agreement, even if they were to file such a motion under Fed. R. Civ. P. 12(c). *See* Fed. R. Civ. P. 12(b)(1).

based on the undisputed facts established through discovery regardless of whether a class is certified. Whether to amend the schedule in this manner is better addressed after the Court has ruled on the Non-Federal Defendants' motions to dismiss or HUD's MJOP, as the Court's decision will affect whether such a modification is necessary or appropriate.

Plaintiffs would oppose any such motion. First, if any modification of the schedule is warranted on judicial efficiency grounds, it would be to proceed with class certification *before* summary judgment briefing, as that would ensure that a resolution on the merits broadly applies to the class and not just to the individually named Plaintiffs. Second, Defendants' proposal would be inconsistent with the simultaneous class certification and summary judgment briefing schedules that the parties have consistently agreed to, from the time the parties filed their Rule 26(f) Report on January 29, 2021, ECF No. 54, to the Joint Motion to Amend Scheduling Order that was filed less than two weeks ago, ECF No. 153.

Further, while not a dispositive motion, the Plaintiffs plan to move for class certification if the case is not dismissed. The Defendants expect to oppose any motions for class certification.

## V.     Consent to Magistrate Judge for all Purposes

The Parties do not consent to the jurisdiction of a Magistrate Judge for all purposes, including trial. The Parties do, however, consent to the jurisdiction of a Magistrate Judge for the purposes of discovery disputes and settlement conferences.

## VI.     Settlement Conference Referral

On March 19, 2021, the Parties conferred and requested this matter to be referred to an early settlement conference. ECF No. 69. On March 25, 2021, this Court granted the Parties' request and referred this matter to Magistrate Judge Donna F. Martinez for an early settlement

conference, which was held virtually on May 28, 2021, and July 28, 2021. ECF Nos. 74, 97, 113.

The Parties were unable to reach settlement.

Submitted on February 18, 2022.

By: */s/ Benjamin Klein*
Craig Ferrere (# phv20335)
Benjamin Klein (# phv20264)
Shira Poliak (# phv11027)
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
(212) 841-1000
cferrere@cov.com
bklein@cov.com
spoliak@cov.com

Lanny A. Breuer (# phv11026 )
Maureen Browne (# phv20349)
Daniel Suleiman (# phv11024 )
Andrew Stanner (*phv* forthcoming)
Shankar Duraiswamy (# phv10818 )
Nicholas Pastan (# phv240966)
Han Park (# phv20341)
Laura Pietrantoni (# phv20455)
Thomas Sullivan (# phv01356)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
(202) 662-5324
lbreuer@cov.com
mbrowne@cov.com
dsuleiman@cov.com
astanner@cov.com
sduraiswamy@cov.com
npastan@cov.com
hpark@cov.com
lpietrantoni@cov.com
tsullivan@cov.com

Alexander Setzepfandt (# phv11023)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105
(415) 591-7077
asetzepfandt@cov.com

By: */s/ David Roth*
David R. Roth (ct29876)
Aaron S. Bayer (ct12725)
WIGGIN AND DANA LLP
One Century Tower
265 Church Street
New Haven, CT 06510
(203) 498-4400
droth@wiggin.com
abayer@wiggin.com

*Counsel for the City of Hartford*

By: */s/ Alexander W. Ahrens*
Alexander W. Ahrens (ct30403)
William D. Chapman (# phv11110)
Michael R. Byrne (# phv11093)
MELICK & PORTER, LLP
900 Main Street South
Southbury, CT 06488
(203) 596-0500
aahrens@melicklaw.com
wchapman@melicklaw.com
mbyrne@melicklaw.com

*Counsel for Imagineers, LLC*

By: */s/ Anthony B. Corleto*
Anthony B. Corleto (ct13520)
GORDON REES SCULLY
MANSUKHANI, LLP
500 Mamaroneck Avenue
Suite 503
Harrison, NY 10528
(914) 777-2228
tcorleto@grsm.com

*Counsel for Housing Authority of the City of Hartford*

17

Erin Boggs (# ct22989)
Peter M. Haberlandt (# ct27036)
Roger D. Maldonado (#ct31111)
OPEN COMMUNITIES ALLIANCE
75 Charter Oak Avenue
Suite 1-200
Hartford, CT 06106
phaberlandt@ctoca.org
eboggs@ctoca.org
rmaldonado@ctoca.org

J. L. Pottenger, Jr. (# ct05479)
JEROME N. FRANK LEGAL SERVICES
ORGANIZATION
YALE LAW SCHOOL
P.O. Box 209090
New Haven, CT 06520
(203) 432-4800
j.pottenger@ylsclinics.org

Thomas Silverstein (# phv10914)
Haley Adams (*phv* forthcoming)
LAWYERS' COMMITTEE FOR CIVIL
RIGHTS UNDER LAW
1500 K Street NW Suite 900
Washington, DC 20005
(202) 662-8600
tsilverstein@lawyerscommittee.org
hadams@lawyerscommittee.org

*Counsel for Plaintiffs*

By: */s/ William M. Brown Jr.*
LEONARD C BOYLE
ACTING UNITED STATES ATTORNEY
William M. Brown Jr. (ct20813)
Assistant United States Attorney
157 Church Street
New Haven, CT 06510
Telephone: (203) 821-3700
Fax: (203) 773-5373
Email: william.brown2@usdoj.gov

*Counsel for United States Department of Housing and Urban Development*

18