## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CENTER FOR LEADERSHIP AND JUSTICE, for itself; TRINITY CLAUDIO, TAMMY DAVIS, YULISSA ESPINAL, STEPHANIE GRANT, MARINA ILARRAZA, ASHLEY MATOS, MIRNA MEDINA, MILAGROS ORTIZ and NETZABILIE TORRES, individually and on behalf of all others similarly situated, | |
| *Plaintiffs*, | No. 3:20-cv-1728-SALM |
| v. | **JURY DEMANDED** |
| UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; Marcia Fudge, in her official capacity as Secretary of United States Department of Housing and Urban Development; HOUSING AUTHORITY OF THE CITY OF HARTFORD; THE CITY OF HARTFORD, d/b/a THE CITY OF HARTFORD HOUSING AUTHORITY; and IMAGINEERS, LLC, | |
| *Defendants*. | |

## JOINT STATUS REPORT OF COUNSEL

## PRELIMINARY STATEMENT

Pursuant to the Revised Scheduling Order and Case Management Plan (ECF No. 191), the Parties submit this Joint Status Report of Counsel.

## FACTUAL BACKGROUND

This suit concerns the relocation of former residents from three federally subsidized buildings in Hartford, Connecticut and has been proceeding for over a year. On November 18, 2020, a group of twelve Black or Hispanic women who are former tenants of three subsidized properties in the North End of Hartford (the "Individual Plaintiffs") and the Center for Leadership and Justice ("CLJ," and collectively, "Plaintiffs")[1] filed suit against the United States Department of Housing and Urban Development ("HUD"); Marcia L. Fudge, in her official capacity as Secretary of HUD; the Housing Authority of the City of Hartford ("HACH"); The City of Hartford, d/b/a The City of Hartford Housing Authority ("City of Hartford"); and Imagineers, LLC ("Imagineers" and collectively, "Defendants").[2] ECF No. 1.

On May 14, 2021, Plaintiffs filed an Amended Complaint against HUD and the Non-Federal Defendants. ECF No. 90. As for HUD, Plaintiffs have brought claims under the Administrative Procedure Act, 5 U.S.C. § 701 et seq., alleging that (1) HUD's relocation plan was arbitrary, capricious, not in accordance with law, and short of the statutory right guaranteed by the duty to affirmatively further fair housing because HUD's plan perpetuated segregation in Hartford

---

[1] On January 31, 2022, Plaintiffs filed a motion to voluntarily dismiss Cyvonne Cook pursuant to Federal Rule of Civil Procedure 41(a)(2). ECF No. 142. On March 28, 2022, Plaintiffs filed a motion to voluntarily dismiss Maritza Rosario pursuant to Federal Rule of Civil Procedure 41(a)(2). ECF No. 192. On April 4, 2022, Plaintiffs filed a motion to voluntarily dismiss Shawanda Breedlove pursuant to Federal Rule of Civil Procedure 41(a)(2). ECF No. 197. The Court granted all three motions for voluntary dismissal. ECF Nos. 143, 193, 198.

[2] HACH, the City, and Imagineers are collectively referred to as the "Non-Federal Defendants."

and (2) HUD's decision to re-subsidize two of the three subsidized properties—Clay Arsenal Renaissance Apartments and Barbour Gardens Apartments—was arbitrary, capricious, and not in accordance with law. *Id.* ¶¶ 182–196, 220–235. Regarding Plaintiffs' claims against the Non-Federal Defendants, Plaintiffs bring claims under the Fair Housing Act, 42 U.S.C. §§ 3604(a) & (b), and allege that the Non-Federal Defendants, by designing and implementing flawed relocation plans, perpetuated segregation in Hartford. *Id.* ¶¶ 197–219.

Decisions remain outstanding on the Non-Federal Defendants' motions to dismiss the amended complaint, which were filed on May 26 and May 28 of 2021. ECF Nos. 93, 98. Should the Court deny those motions to dismiss, the Non-Federal Defendants expect to deny the allegations of the amended complaint. They also may plead affirmative defenses. HUD filed its Answer to the Amended Complaint on July 26, 2021, denying Plaintiffs' allegations. ECF No. 112.

## I.     Discovery Summary

On June 3, 2021, the Non-Federal Defendants filed a Motion to Stay Discovery in this case. ECF No. 102. On December 13, 2021, the Court denied the Non-Federal Defendants' Motion to Stay Discovery. ECF No. 133.

On February 9, 2022, the Court granted in part the parties' Joint Motion to Amend Scheduling Order. ECF Nos. 153, 154. On March 15, 2022, HUD filed a Motion for Limited Amendment to Scheduling Order, seeking an extension of the deadline for fact discovery until June 11, 2022 limited to whether Plaintiffs' counsel Open Communities Alliance is qualified to serve as class action counsel under Fed. R. Civ. P. 23(g), due to a potential conflict of interest OCA has in serving as Plaintiffs' counsel and counsel for unnamed, putative class members. ECF No. 177. Plaintiffs' counsel disagree with HUD's contentions. Plaintiffs filed an opposition and

HUD filed a reply. ECF Nos. 188, 189. On March 25, 2022, Magistrate Judge Robert M. Spector held a conference with the parties, granted HUD's motion in part and denied it in part, and extended the entire case schedule by one month. ECF No. 191. The parties have been working diligently and cooperatively to complete fact discovery.

A.      **Discovery Status with Imagineers**

On February 4, 2021, Plaintiffs served their First Set of Requests for Production of Documents and Interrogatories on Imagineers. On March 31, 2021, Imagineers served its Objections and Reponses to Plaintiffs' First Set of Requests for Production of Documents and Interrogatories.

On May 14, 2021, Plaintiffs served their Second Set of Requests for Production of Documents on Imagineers. On June 14, 2021, Imagineers served its Objections and Responses to Plaintiffs' Second Set of Requests for Production of Documents.

On June 8, 2021, Plaintiffs served their First Set of Requests for Admission on Imagineers. On July 16, 2021, Imagineers served its Objections and Reponses to Plaintiffs' First Set of Requests for Admission.

On July 30, 2021, Imagineers served its First Set of Requests for Production of Documents on Plaintiffs. On August 30, 2021, Plaintiffs served their Responses and Objections to Imagineers' First Set of Requests for Production of Documents.

On September 3, 2021, Plaintiffs served their Second Set of Interrogatories on Imagineers. On November 4, 2021, Imagineers served its Objections and Responses to Plaintiffs' Second Set of Interrogatories.

On December 21, 2021, Imagineers served its First Set of Interrogatories, its Second Set of Requests for Production of Documents, and its First Set of Requests for Admission to CLJ,

Maritza Rosario, Marina Ilarraza, and Tammy Davis. On February 3, 2022, Plaintiffs served their Responses and Objections to Imagineers' First Set of Requests for Admission to CLJ, Maritza Rosario, Marina Ilarraza, and Tammy Davis. On February 11, 2022, Plaintiffs served their Responses and Objections to Imagineers' First Set of Interrogatories and Second Set of Requests for Production of Documents. On March 7, 2022, Imagineers notified Plaintiffs of perceived inadequacies in Plaintiffs' responses to Imagineers' discovery requests. On March 11, 2022, Plaintiffs and Imagineers met and conferred regarding Plaintiffs' responses to Imagineers' discovery requests. On March 17, 2022, Plaintiffs served supplemental Responses and Objections to Imagineers' First Set of Requests for Admission and First Set of Interrogatories. Plaintiffs subsequently served further supplemental Responses and Objections to Imagineers' First Set of Interrogatories.

On January 21, 2022, Imagineers served Notices of Deposition for Plaintiffs Tammy Davis, Maritza Rosario, and Marina Ilarraza. These depositions were continued due to ongoing discovery issues. On March 18, 2022 and March 28, 2022, HUD served updated Notices of Deposition on CLJ and the Individual Plaintiffs on behalf of the Non-Federal Defendants as well as HUD, to avoid multiple potentially duplicative appearances by each deponent. On April 1, 2022, Imagineers and the other Defendants took a deposition of Plaintiff CLJ, in a Rule 30(b)(6) capacity, for a total of seven (7) hours and twelve (12) minutes on the record. On April 5, 2022, Imagineers and two of the other Defendants took a deposition of Plaintiff Tammy Davis. On April 7, 2022, Imagineers and two of the other Defendants took a deposition of Plaintiff Marina Ilarraza.

On August 17, 2021; October 6, 2021; November 4, 2021; January 13, 2022; January 20, 2022; and February 3, 2022, Imagineers produced documents to Plaintiffs. On January 28, 2022, Imagineers served a privilege log.

On September 13, 2021, January 11, 2022, January 24, 2022, February 25, 2022, March 8, 2022, March 29, 2022, and April 5, 2022, Plaintiffs produced documents to Imagineers. On January 13, 2022, Plaintiffs served a privilege log. On February 11, 2022, February 25, 2022, and March 8, 2022, Plaintiffs served updated privilege logs.

On October 21, 2021, Plaintiffs took a deposition of Imagineers' witness Turquoise Blue. On December 9, 2021, Plaintiffs took a deposition of Imagineers' witness Maria Stoute. On February 15, 2022, Plaintiffs took a deposition of Imagineers' witness Kenneth Schultz. Plaintiffs do not anticipate taking any more depositions of Imagineers' witnesses.

Currently there are no outstanding discovery disputes between Plaintiffs and Imagineers.

### B.     Discovery Status with HACH

On February 4, 2021, Plaintiffs served their First Sets of Requests for Production of Documents and Interrogatories on HACH. On March 8, 2021, HACH served its Objections and Responses to Plaintiffs' First Set of Requests for Production of Documents. On March 30, 2021, HACH served its Objections and Responses to the First Set of Requests for Interrogatories.

On May 14, 2021, Plaintiffs served their Second Set of Requests for Production of Documents on HACH. On June 21, 2021, HACH served its Objections and Responses to Plaintiffs' Second Set of Requests for Production of Documents.

On June 8, 2021, Plaintiffs served their First Set of Requests for Admission on HACH. On July 8, 2021, HACH served its Objections and Reponses to Plaintiffs' First Set of Requests for Admission. On August 18, 2021, HACH served its Amended Objections and Reponses to Plaintiffs' First Set of Requests for Admission.

On July 15, 2021, HACH served their First Set of Requests of Admission on Plaintiffs. On August 16, 2021, Plaintiffs served their Objections and Responses to HACH's First Set of Requests of Admission.

On September 3, 2021, Plaintiffs served their Second Set of Interrogatories on HACH. On October 1, 2021, HACH served its Objections and Reponses to Plaintiffs' Second Set of Interrogatories.

On December 21, 2021, HACH served its First Set of Interrogatories and its First Set of Requests for Admission to Ashley Matos, Cyvonne Cook, Milagros Ortiz, Mirna Medina, Netzabilie Torres, Shawanda Breedlove, Stephanie Grant, Trinity Claudio, and Yulissa Espinal. On February 3, 2022, Plaintiffs served their Responses and Objections to HACH's First Set of Requests for Admission to Ashley Matos, Milagros Ortiz, Mirna Medina, Netzabilie Torres, Shawanda Breedlove, Stephanie Grant, Trinity Claudio, and Yulissa Espinal. On February 11, 2022, Plaintiffs served their Responses and Objections to HACH's First Set of Interrogatories. On March 11, 2022, Plaintiffs served supplemental Responses and Objections to HACH's First Set of Interrogatories. On March 14, 2022, HACH sent Plaintiffs a deficiency letter regarding Plaintiffs' Responses and Objections to HACH's discovery requests. Plaintiffs subsequently served further supplemental Responses and Objections to HACH's First Set of Interrogatories.

On January 11, 2022, HACH served Notices of Deposition for Plaintiffs Ashley Matos, Cyvonne Cook, Milagros Ortiz, Mirna Medina, Netzabilie Torres, Shawanda Breedlove, Stephanie Grant, Trinity Claudio, and Yulissa Espinal. These depositions were continued due to ongoing discovery issues. On March 18, 2022 and March 28, 2022, HUD served updated Notices of Deposition on CLJ and the Individual Plaintiffs on behalf of the Non-Federal Defendants as well as HUD, so that each deponent need appear only a single time for all the Defendants. On April 1,

2022, HACH and the other Defendants took a deposition of Plaintiff CLJ, in a Rule 30(b)(6) capacity, for a total of seven (7) hours and twelve (12) minutes on the record; HACH's time was limited to approximately fourteen (14) minutes on the record, as described below. Between April 4, 2022 and April 14, 2022, HACH and HUD took depositions of Plaintiffs Yulissa Espinal, Stephanie Grant, Ashley Matos, Milagros Ortiz, Netzabilie Torres, and Mirna Medina. The deposition of Trinity Claudio was noticed for April 18, 2022, but Plaintiff requested to reschedule the deposition to April 25, 2022, due to unexpected circumstances.

On July 27, 2021, August 18, 2021, November 2, 2021, November 10, 2021, November 11, 2021, November 23, 2021, November 30, 2021, and January 17, 2022, HACH produced documents to Plaintiffs. HACH has not withheld production for privilege, and therefor has not served a privilege log.

On September 13, 2021, January 11, 2022, January 24, 2022, February 25, 2022, March 8, 2022, March 29, 2022, and April 5, 2022 Plaintiffs produced documents to HACH. On January 13, 2022, Plaintiffs served a privilege log. On February 11, 2022, February 25, 2022, and March 8, 2022, Plaintiffs served updated privilege logs.

On October 26, 2021, Plaintiffs took a deposition of HACH's witness Katrina Ortiz. On October 27, 2021, Plaintiffs took a deposition of HACH's witness Caroline Morales. On February 1, 2022, Plaintiffs took a deposition of HACH's witness Annette Sanderson. Plaintiffs do not anticipate taking any more depositions of HACH's witnesses.

Plaintiff CLJ's counsel terminated the Rule 30(b)(6) deposition of CLJ's witness, Cori Nicewander, approximately fourteen (14) minutes into HACH's questioning of the witness and after Ms. Nicewander had been deposed for seven (7) hours and twelve (12) minutes on the record. After the questioning by the City of Hartford, HUD, and Imagineers, HACH was left to begin

questioning with two (2) minutes left on the seven-hour time period provided by Rule 30(d)(1). HACH did not request additional time to depose CLJ's witness at any time prior to beginning its questioning. HACH has asked Plaintiff CLJ to reopen and continue the 30(b)(6) deposition for one hour. Plaintiff CLJ offered to produce Ms. Nicewander for a second, non-duplicative deposition limited to thirty (30) minutes consistent with HACH's representation on the record. HACH has requested forty-five (45) minutes and has sought clarification regarding Plaintiff CLJ's offer. Plaintiff CLJ has responded to HACH's inquiry. Plaintiffs and HACH have not yet resolved this dispute.

### C.      Discovery Status with Non-Party Leumas

On May 5, 2021, Plaintiffs issued a Subpoena to Produce Documents on HUD's contractor Leumas.

On June 3, 2021, HUD filed Responses and Objections to the Leumas Subpoena.

On June 9, 2021, Leumas served its own Responses and Objections to the Subpoena.

On September 9, 2021, the Court issued an Amended Protective Order to address interests protected by the Privacy Act and the Trade Secrets Act. ECF No. 117. On September 22, 2021, Leumas produced the tenant files of the twelve named individual Plaintiffs subject to the Amended Protective Order, after HUD had determined it would include the tenant files in the then-forthcoming Administrative Record.

On November 19, 2021, once the meet and confer process concluded without yielding a resolution of outstanding discovery disputes, Plaintiffs filed a Motion to Compel Non-Party Compliance with Subpoena (the "Motion to Compel") in the U.S. District Court for the Eastern District of Virginia. 3:21-mc-00011-DJN (E.D. Va.), ECF No. 1–2. On November 30, 2021, the

U.S. District Court for the Eastern District of Virginia granted the Motion to Transfer. *Id.*, ECF No. 5.

On December 13, 2021, Plaintiffs refiled their Motion to Compel in this Court in compliance with the Court's Order. 3:21-mc-00096-SALM, ECF No. 14. That same day, the Court referred Plaintiffs' Motion to Compel to Magistrate Judge Robert M. Spector. 3:21-mc-00096-SALM, ECF No. 15. Leumas and HUD filed briefs in opposition on January 4, 2022, *id.*, ECF Nos. 18, 19, and Plaintiffs filed a brief in further support on January 18, 2022, *id.*, ECF No. 29. On January 21, 2021, Magistrate Judge Spector held a first discovery conference with Plaintiffs, HUD, and Leumas to address the Motion to Compel, and on February 4, 2022, Magistrate Judge Spector held a second discovery conference with the parties. On February 9, 2022, the parties filed a proposed order governing the scope of Leumas discovery, and on February 10, 2022, the Court entered the Order Governing Scope of Leumas Residential LLC's Discovery (the "Order"). *Id.*, ECF No. 37.

Plaintiffs submitted to HUD a *Touhy* letter on February 10, 2022. Pursuant to the terms of the Order, HUD issued an administrative determination on the *Touhy* letter on February 23, 2022. Thereafter, in accordance with the terms of the Order, Leumas produced documents to Plaintiffs on March 17, 2022, March 23, 2022, and March 28, 2022. On March 31, 2022, Plaintiffs took a deposition of Leumas employee Nathaniel Brooks in his personal and Rule 30(b)(6) capacities.

Currently there are no outstanding discovery disputes between Plaintiffs and Leumas.

### D.     Discovery Status with City of Hartford

Plaintiffs served Requests for Production on City of Hartford on February 4 and May 14, 2021. The City of Hartford served Objections and Responses on May 14 and June 14, 2021. City of Hartford produced documents to Plaintiffs on August 25, 2021, and provided a privilege log on

January 13, 2022. City of Hartford does not expect to produce any additional documents, and the parties are unaware of any issues with the City's production of documents.

On May 24, 2021, City of Hartford served its First Set of Requests for Production of Documents on Plaintiffs. On June 23, 2021, Plaintiffs served their Objections and Responses. Plaintiffs produced most of their documents by September 13, 2021. They have made eight supplemental productions since then, the most recent on April 13, 2022. On January 13, 2022, Plaintiffs served a privilege log, which they supplemented on February 11, February 25, and March 8. The City and Plaintiffs are continuing to discuss the production of further documents from Plaintiff Tammy Davis, addressed further below.

Plaintiffs served interrogatories on City of Hartford on February 4 and September 3, 2021. City of Hartford served its responses and objections on March 8 and October 1, respectively. On December 21, 2021, City of Hartford served interrogatories on Plaintiffs CLJ, Tammy Davis, Marina Ilarraza, and Maritza Rosario. Plaintiffs served their initial Responses and Objections to City of Hartford's First Set of Interrogatories on February 11, 2022. The next day, City of Hartford raised alleged inadequacies in Plaintiffs' interrogatory responses. Plaintiffs served supplemental responses on February 18. Because those responses did not resolve the City's concern, the City filed a motion to compel on February 22. ECF No. 158. Plaintiffs served second supplemental responses on March 9 and an opposition to the motion to compel on March 10. ECF No. 176. Following further discussions, the parties were able to resolve their dispute. *See* ECF No. 185. On March 21, 2022, the Court entered an Order finding the City of Hartford's Motion to Compel moot in light of the parties' agreement. ECF No. 186. Pursuant to the parties' agreement, Plaintiffs have served additional supplemental responses to the City's interrogatories on a rolling basis and will

serve additional supplemental responses as discovery proceeds. At this time, the parties have no dispute regarding their respective interrogatories.

On June 8, 2021, Plaintiffs served their requests for admission on City of Hartford. On July 8, City of Hartford served its objections and responses. On December 21, 2021, City of Hartford served requests for admission on Plaintiffs CLJ, Tammy Davis, Marina Ilarraza, and Maritza Rosario. On February 3, 2022, Plaintiffs served their first responses and objections to these requests for admission. Plaintiffs served supplemental responses on February 18. At this time, the parties have no dispute regarding their respective requests for admission.

On December 10, 2021, Plaintiffs took a deposition of City of Hartford's witness Brian Mathews. On February 9, 2022, Plaintiffs took a deposition of Erik Johnson, a former employee of the City of Hartford. Plaintiffs do not anticipate taking any more depositions of City of Hartford witnesses.

On December 21, 2021, City of Hartford also served a Notice of Rule 30(b)(6) Deposition on CLJ. On January 21, 2022, City of Hartford served a notice of deposition on Tammy Davis. At the same time, Imagineers served a notice of deposition on Marina Ilarraza and Maritza Rosario. These depositions were continued due to ongoing discovery issues. On March 18 and March 28, 2022, HUD served updated Notices of Deposition on CLJ, Tammy Davis, Marina Ilarraza, and Maritza Rosario on behalf of itself, City of Hartford, and the other Defendants. On April 1, City of Hartford and the other Defendants took a deposition of Plaintiff CLJ, in a Rule 30(b)(6) capacity, as described above. On April 5, City of Hartford and two other Defendants took a deposition of Plaintiff Tammy Davis. On April 7, City of Hartford and two other Defendants took a deposition of Plaintiff Marina Ilarraza. The deposition notice of Maritza Rosario was withdrawn following

her dismissal from the case. At this time, City of Hartford does not anticipate taking any more fact depositions.

City of Hartford contends that during her deposition, Tammy Davis discussed a document or documents that she wished and offered to produce in lieu of testifying as to certain facts relevant to causation and damages. City of Hartford has requested those documents. Plaintiffs dispute the City's characterization of the testimony and accordingly, have not produced documents called for by the City. The parties are continuing to confer on this issue. Ms. Davis also provided testimony regarding the steps she took to attempt to locate responsive documents. Given that testimony, City of Hartford has asked Plaintiffs' counsel to conduct a supplementary search and production of Tammy Davis's documents. Again, Plaintiffs dispute that this request is warranted. The parties are continuing to discuss this issue as well and hope to resolve both disputes without the involvement of the Court.

### E.    Discovery Status with HUD

On June 2, 2021, Plaintiffs served their First Set of Requests for Production of Documents to HUD. On July 2, 2021, HUD served its Objections and Responses to Plaintiffs' Requests for Production of Documents.

On July 26, 2021, HUD served its First Requests for Production of Documents on the Individual Plaintiffs and CLJ regarding standing and class certification. On August 25, 2021, the Individual Plaintiffs and CLJ served their respective Responses and Objections to HUD's First Requests for Production of Documents.

On September 13, 2021, January 11, 2022, January 24, 2022, February 25, 2022, March 8, 2022, March 29, 2022, April 5, 2022, and April 13, 2022, Plaintiffs produced documents to HUD.

On January 13, 2022, Plaintiffs served a privilege log. On February 11, 2022, February 25, 2022, and March 8, 2022, Plaintiffs served updated privilege logs.

On October 15, 2021, HUD produced the administrative record pursuant to the Administrative Procedure Act (which is not "discovery").

On October 27, 2021, HUD served a Subpoena on Non-Party Open Communities Alliance ("OCA"), an advocacy organization and one of Plaintiffs' attorneys in this matter. On November 10, 2021, OCA submitted its Responses and Objections to HUD's subpoena, which objected to producing any documents in response to the subpoena and offered to have a meet and confer with HUD. HUD has withdrawn this subpoena.

On December 21, 2021, HUD served a revised subpoena on OCA. HUD contends that the information sought by the subpoena is relevant to a potential conflict of interest in OCA serving as Plaintiffs' counsel, which is also relevant to whether OCA is qualified to serve as class action counsel under Fed. R. Civ. P. 23(g). Plaintiffs' counsel disagrees with HUD's contentions. On January 4, 2022, OCA submitted its Responses and Objections to HUD's revised subpoena, which objected to producing any documents in response to the subpoena and offered to have a meet and confer with HUD. On March 18, 2022 and March 31, 2022, HUD and OCA met and conferred on the matter.  On March 31, HUD provided OCA with specific search terms to facilitate a resolution of the matter.  To date, OCA has not agreed to search for or produce any documents in response to the subpoena, but HUD and OCA continue to work towards resolution.

On November 10, 2021, HUD provided Plaintiffs with a letter alerting Plaintiffs to possible deficiencies regarding the Individual Plaintiffs' and CLJ's respective Responses and Objections to HUD's First Requests for Production of Documents. On December 7, 2021, HUD and Plaintiffs met and conferred regarding HUD's November 10 letter. HUD and Plaintiffs met and conferred

on February 16, 2022, and Plaintiffs subsequently produced documents responsive to these requests.

On December 13, 2021, Plaintiffs alerted HUD to possible deficiencies in the produced administrative record (which is not "discovery"). HUD and Plaintiffs have been conferring by letter and phone, most recently on March 30, 2022. Plaintiffs expect and HUD anticipates that HUD will soon formally add to the administrative record documents that HUD informally provided to Plaintiffs on February 25, March 25, and April 4, as well as any additional documents identified by HUD.

On December 21, 2021, HUD served on Plaintiffs a Second Set of Requests for Production, a First Set of Interrogatories to CLJ, a First Set of Interrogatories to the Individual Plaintiffs, and a First Set of Requests for Admission to the Individual Plaintiffs, again related to standing and class certification. On February 11, 2022, Plaintiffs served their Responses and Objections to HUD's Second Set of Requests for Production, First Set of Interrogatories to CLJ, First Set of Interrogatories to the Individual Plaintiffs, and First Set of Requests for Admission to the Individual Plaintiffs. On March 10, 2022, HUD and Plaintiffs met and conferred regarding Plaintiffs' responses and objections. Plaintiffs subsequently served supplemental Responses and Objections to HUD's First Set of Interrogatories and to HUD's Second Requests for Production. Plaintiffs also stated their intention to move to withdraw and amend certain Requests for Admission, to which HUD consented. Plaintiffs' motion has not yet been filed.

On January 7, 2022, Plaintiffs served HUD with a Rule 30(b)(6) deposition notice seeking information to support their claims against the Non-Federal Defendants. On February 16, 2022, HUD sent Plaintiffs a counterproposal. After negotiations between Plaintiffs and HUD culminated in agreement on a discovery order, the Court on March 10, 2022 entered an Order Governing Scope

14

of Discovery on Federal Defendants under which Plaintiffs would first serve interrogatories that could obviate the need for a deposition. ECF No. 174. On March 11, 2022, Plaintiffs submitted to HUD a *Touhy* letter that sought both (i) interrogatory responses as provided and agreed to in the Order Governing Scope of Discovery, and (ii) "potential Rule 30(b)(6) deposition testimony."  On March 16, 2022, HUD granted Plaintiffs' *Touhy* request regarding interrogatory responses; and held in abeyance the request for "potential Rule 30(b)(6) deposition testimony." On March 17, 2022, Plaintiffs served their First Set of Interrogatories to HUD, and on April 1, 2022 (with Plaintiffs' consent to that date), HUD served its Responses and Objections to Plaintiffs' First Set of Interrogatories. Plaintiffs' review of HUD's Responses and Objections to Plaintiffs' First Set of Interrogatories is ongoing.

On March 18, 2022 and March 28, 2022, HUD served Notices of Deposition on Plaintiff CLJ and the Individual Plaintiffs for information related to standing and class certification. On April 1, 2022, HUD and the other Defendants took a deposition of Plaintiff CLJ, in a Rule 30(b)(6) capacity, as described above. Between April 4, 2022 and April 14, 2022, HUD and the other Defendants took depositions of Individual Plaintiffs Tammy Davis, Yulissa Espinal, Stephanie Grant, Marina Ilarraza, Ashley Matos, Milagros Ortiz, Netzabilie Torres, and Mirna Medina. The Defendants served a Notice of Deposition for Plaintiff Trinity Claudio on April 18, 2022, but Plaintiff has requested to reschedule the deposition to April 25, 2022, due to unexpected circumstances.

### F.      Significant Discovery Yet to Be Completed

Over the coming months, the Parties expect to conduct additional discovery.

At this time, Plaintiffs do not anticipate noticing any additional depositions, but reserve their rights to take additional depositions should it be warranted as discovery progresses.  Plaintiffs

further expect to receive documents from HUD to the extent that the Administrative Record (which is not "discovery") is incomplete and requires completion.

The Defendants have served a Notice of Deposition for Plaintiff Trinity Claudio on April 18, 2022, but the deposition is being rescheduled to April 25, 2022 at Plaintiff's request. At this time, Defendants do not anticipate taking additional depositions beyond those noticed.

HUD and OCA continue to negotiate a resolution of HUD's subpoena to OCA for documents.

Finally, once fact discovery concludes, the Parties expect to engage in expert discovery. This will entail disclosing experts and conducting depositions of any disclosed experts.

## II.    Remaining Discovery Deadlines

The remaining deadlines in this case are set forth below.  Plaintiffs and HUD are discussing whether to seek a limited extension of the fact discovery deadline for the sole purpose of resolving the dispute related to HUD's subpoena to OCA, and which would not impact any other deadlines in the case. Currently, the Parties do not contemplate any other extensions of these deadlines. However, fact discovery is ongoing and the Parties reserve their rights to seek extensions to the below deadlines for good cause pursuant to the Revised Scheduling Order and Case Management Plan. ECF No. 191.

| Event | Deadline |
|---|---|
| Third joint status report | 4/15/2022 |
| Completion of fact discovery | 5/12/2022 |
| "Urged" to revisit settlement | Prior to expert disclosure deadlines |
| Initial expert reports | 5/26/2022 |
| Complete initial expert depositions | 6/16/2022 |
| Fourth joint status report | 6/17/2022 |
| Rebuttal expert reports | 7/7/2022 |
| End of rebuttal expert depositions | 7/28/2022 |
| Fifth joint status report | 8/17/2022 |

| Event | Deadline |
|---|---|
| Motions for class certification and/or summary judgment | 9/18/2022 |
| Sixth joint status report | 10/16/2022 |
| Opposition to motions for class certification and/or summary judgment | 11/17/2022 |
| Reply briefs in support of motions for class certification and/or summary judgment | 12/17/2022 |
| Motions related to preclusion of an expert | 30 days after ruling on summary judgment motion |
| Joint trial memorandum | To be set by the Court after a ruling on class certification, summary judgment, or preclusion of an expert (whichever is the latest), the Parties shall submit a Joint Status Report proposing the Joint Trial Memorandum deadline |

## III.    Amendments to Pleadings or Parties

Currently, the Parties do not contemplate submitting any amendments to the pleadings or adding additional parties to this action. However, fact discovery is ongoing and the Parties reserve their rights to amend the pleadings and/or add additional parties to this action. Defendants would likely oppose any amendment of the pleadings or adding of additional parties based on Rule 15 and Judge Shea's April 23, 2021, Order providing that the Court would not permit further amendments after May 14, 2021. ECF No. 87.

## IV.    Dispositive Motions

Plaintiffs expect to file motions for class certification in accordance with the Court's Revised Scheduling Order and Case Management Plan (ECF No. 191), oppose any motions for summary judgment filed by Defendants, and oppose any Motion for Judgment on the Pleadings filed by HUD. Given that fact discovery is ongoing and the Parties have not yet begun expert discovery, Plaintiffs are unable to affirmatively state whether they expect or do not expect to file

any other dispositive motions. Plaintiffs will continue to evaluate the need for additional dispositive motions as this case progresses.

The Non-Federal Defendants filed dispositive motions to dismiss all claims asserted against them on May 26 and May 28, 2021. ECF Nos. 93, 98. Plaintiffs filed an opposition to those motions on June 16, 2021. ECF No. 105. The Non-Federal Defendants filed replies in support of their motions on June 30, 2021. ECF Nos. 108, 110. The Court has not ruled or scheduled argument on the motions to dismiss.

Should the Court deny the Non-Federal Defendants' motions to dismiss, the Non-Federal Defendants expect to file motions for summary judgment at the time provided by the current case schedule. HUD intends to file a Motion for Judgment on the Pleadings (MJOP) under Fed. R. Civ. P. 12(c).[3] HUD plans to file a motion for summary judgment in the event that the anticipated MJOP does not result in dismissal of claims against it.

If the case has not been resolved by the time of summary judgment briefing, Defendants expect to ask the Court to amend the existing schedule so that motions for summary judgment are briefed and decided before the parties address class certification or other issues. Plaintiffs would oppose any such request.

---

[3] Plaintiffs would oppose any such motion, including for the reason that, on April 21, 2021, Plaintiffs consented to a 60-day extension from the date of the first mediation session for HUD to Answer the Complaint in exchange for HUD's commitment that HUD would not file a motion to dismiss. If HUD were to file a Motion for Judgment on the Pleadings for lack of subject matter jurisdiction, they would effectively be violating that agreement, even if they were to file such a motion under Fed. R. Civ. P. 12(c). *See* Fed. R. Civ. P. 12(b)(1). HUD disagrees with Plaintiffs' position that by agreeing not to file a motion pursuant to Rule 12(b), it waived its right to file a motion pursuant to Rule 12(c).

Further, while not a dispositive motion, Plaintiffs plan to move for class certification by the September 18, 2022 deadline if the case has not been disposed of by then.  Defendants would oppose any motion for class certification at the proper time.

**V.     Consent to Magistrate Judge for all Purposes**

The Parties do not consent to the jurisdiction of a Magistrate Judge for all purposes, including trial. The Parties do, however, consent to the jurisdiction of a Magistrate Judge for the purposes of discovery disputes and settlement conferences.

**VI.    Settlement Conference Referral**

On March 19, 2021, the Parties conferred and requested this matter to be referred to an early settlement conference. ECF No. 69. On March 25, 2021, this Court granted the Parties' request and referred this matter to Magistrate Judge Donna F. Martinez for an early settlement conference, which was held virtually on May 28, 2021, and July 28, 2021. ECF Nos. 74, 97, 113. The Parties were unable to reach settlement.

On April 7, 2022, Plaintiffs asked Defendants to attend another mediation, citing that "[t]he Court particularly urges the parties to revisit settlement prior to the expert disclosure deadlines." ECF. 191 at 6. On April 11, 2022, Defendants responded by asking Plaintiffs to provide an updated settlement proposal to help the parties assess whether there is any real possibility of settlement and whether another mediation has any chance of being productive, fruitful, and worth the Court's and the parties' expenditure of time and resources. To date, Plaintiffs have not provided such a proposal, but confirmed that a proposal would be provided in advance of any mediation or settlement conference session.  The parties continue to discuss a potential further mediation.

Submitted on April 15, 2022

By: /s/ *Michael E. Bowlus*
Lanny A. Breuer (# phv11026 )
Maureen Browne (# phv20349)
Daniel Suleiman (# phv11024 )
Andrew Stanner (*phv* forthcoming)
Shankar Duraiswamy (# phv10818 )
Nicholas Pastan (# phv240966)
Han Park (# phv20341)
Laura Pietrantoni (# phv20455)
Thomas Sullivan (# phv01356)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
(202) 662-5324
lbreuer@cov.com
mbrowne@cov.com
dsuleiman@cov.com
astanner@cov.com
sduraiswamy@cov.com
npastan@cov.com
hpark@cov.com
lpietrantoni@cov.com
tsullivan@cov.com

Craig Ferrere (# phv20335)
Benjamin Klein (# phv20264)
Shira Poliak (# phv11027)
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
(212) 841-1000
cferrere@cov.com
bklein@cov.com
spoliak@cov.com

Brittnee Bui (# phv20527)
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Ste. 3500
Los Angeles, CA 90067
(424) 332-4807
bbui@cov.com

Alexander Setzepfandt (# phv11023)
Michael E. Bowlus (# phv20533)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105
(415) 591-7077
asetzepfandt@cov.com
mbowlus@cov.com

Erin Boggs (# ct22989)
Peter M. Haberlandt (# ct27036)
Roger D. Maldonado (#ct31111)
OPEN COMMUNITIES ALLIANCE
75 Charter Oak Avenue
Suite 1-200
Hartford, CT 06106
phaberlandt@ctoca.org
eboggs@ctoca.org
rmaldonado@ctoca.org

J. L. Pottenger, Jr. (# ct05479)
JEROME N. FRANK LEGAL SERVICES
ORGANIZATION
YALE LAW SCHOOL
P.O. Box 209090
New Haven, CT 06520
(203) 432-4800
j.pottenger@ylsclinics.org

Thomas Silverstein (# phv10914)
Sophia Jayanty (# phv20581)
LAWYERS' COMMITTEE FOR CIVIL
RIGHTS UNDER LAW
1500 K Street NW Suite 900
Washington, DC 20005
(202) 662-8600
tsilverstein@lawyerscommittee.org
sjayanty@lawyerscommittee.org

*Counsel for Plaintiffs*

By: */s/ David Roth*
David R. Roth (ct29876)
Aaron S. Bayer (ct12725)
WIGGIN AND DANA LLP
One Century Tower
265 Church Street
New Haven, CT 06510
(203) 498-4400
droth@wiggin.com
abayer@wiggin.com

*Counsel for the City of Hartford*


By: */s/ Alexander W. Ahrens*
Alexander W. Ahrens (ct30403)
William D. Chapman (# phv11110)
Michael R. Byrne (# phv11093)
MELICK & PORTER, LLP
900 Main Street South
Southbury, CT 06488
(203) 596-0500
aahrens@melicklaw.com
wchapman@melicklaw.com
mbyrne@melicklaw.com

*Counsel for Imagineers, LLC*


By: */s/ Anthony B. Corleto*
Anthony B. Corleto (ct13520)
GORDON REES SCULLY
MANSUKHANI, LLP
500 Mamaroneck Avenue
Suite 503
Harrison, NY 10528
(914) 777-2228
tcorleto@grsm.com

*Counsel for Housing Authority of the City of Hartford*

By: */s/ William M. Brown Jr.*
LEONARD C BOYLE
UNITED STATES ATTORNEY
William M. Brown Jr. (ct20813)
Natalie N. Elicker (ct28458)
Assistant United States Attorneys
157 Church Street
New Haven, CT 06510
Telephone: (203) 821-3700
Fax: (203) 773-5373
Email: william.brown2@usdoj.gov
        natalie.elicker@usdoj.gov

*Counsel for United States Department of Housing and Urban Development*