**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| CENTER FOR LEADERSHIP AND JUSTICE, for itself; TRINITY CLAUDIO, TAMMY DAVIS, YULISSA ESPINAL, STEPHANIE GRANT, MARINA ILARRAZA, ASHLEY MATOS, MIRNA MEDINA, MILAGROS ORTIZ and NETZABILIE TORRES, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; Marcia Fudge, in her official capacity as Secretary of United States Department of Housing and Urban Development; HOUSING AUTHORITY OF THE CITY OF HARTFORD; THE CITY OF HARTFORD, d/b/a THE CITY OF HARTFORD HOUSING AUTHORITY; and IMAGINEERS, LLC,<br><br>*Defendants*. | No. 3:20-cv-1728-SALM<br><br>**JURY DEMANDED** |

**JOINT STATUS REPORT OF COUNSEL**

## PRELIMINARY STATEMENT

Pursuant to the Revised Scheduling Order and Case Management Plan (ECF No. 191), the Parties submit this Joint Status Report of Counsel.

## FACTUAL BACKGROUND

This suit concerns the relocation of former residents from three federally subsidized buildings in Hartford, Connecticut. On November 18, 2020, a group of twelve Black or Hispanic women who are former tenants of three subsidized properties in the North End of Hartford (the "Individual Plaintiffs") and the Center for Leadership and Justice ("CLJ," and collectively, "Plaintiffs")[1] filed suit against the United States Department of Housing and Urban Development ("HUD"); Marcia L. Fudge, in her official capacity as Secretary of HUD; the Housing Authority of the City of Hartford ("HACH"); The City of Hartford, d/b/a The City of Hartford Housing Authority ("City of Hartford"); and Imagineers, LLC ("Imagineers" and collectively, "Defendants").[2] ECF No. 1.

On May 14, 2021, Plaintiffs filed an Amended Complaint against HUD and the Non-Federal Defendants. ECF No. 90. As for HUD, Plaintiffs have brought claims under the Administrative Procedure Act, 5 U.S.C. § 701 et seq., alleging that (1) HUD's relocation plan was arbitrary, capricious, not in accordance with law, and short of the statutory right guaranteed by the duty to affirmatively further fair housing because HUD's plan perpetuated segregation in Hartford

---

[1] On January 31, 2022, Plaintiffs filed a motion to voluntarily dismiss Cyvonne Cook pursuant to Federal Rule of Civil Procedure 41(a)(2). ECF No. 142. On March 28, 2022, Plaintiffs filed a motion to voluntarily dismiss Maritza Rosario pursuant to Federal Rule of Civil Procedure 41(a)(2). ECF No. 192. On April 4, 2022, Plaintiffs filed a motion to voluntarily dismiss Shawanda Breedlove pursuant to Federal Rule of Civil Procedure 41(a)(2). ECF No. 197. The Court granted all three motions for voluntary dismissal. ECF Nos. 143, 193, 198.

[2] HACH, the City, and Imagineers are collectively referred to as the "Non-Federal Defendants."

and (2) HUD's decision to re-subsidize two of the three subsidized properties—Clay Arsenal Renaissance Apartments and Barbour Gardens Apartments—was arbitrary, capricious, and not in accordance with law. *Id.* ¶¶ 182–196, 220–235. Regarding Plaintiffs' claims against the Non-Federal Defendants, Plaintiffs bring claims under the Fair Housing Act, 42 U.S.C. §§ 3604(a) & (b), and allege that the Non-Federal Defendants, by designing and implementing flawed relocation plans, perpetuated segregation in Hartford. *Id.* ¶¶ 197–219.

Decisions remain outstanding on the Non-Federal Defendants' motions to dismiss the amended complaint, which were filed on May 26 and May 28 of 2021. ECF Nos. 93, 98. The Non-Federal Defendants expect to deny the allegations of the amended complaint. They also may plead affirmative defenses. HUD filed its Answer to the Amended Complaint on July 26, 2021, denying Plaintiffs' allegations. ECF No. 112.

On August 18, 2022, HUD filed a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). ECF No. 228. At the time provided by the current case schedule, Plaintiffs intend to file an opposition to HUD's motion.

I.    **Discovery Summary**

On June 21, 2022, the Court granted the parties' Joint Motion to Amend Scheduling Order. ECF Nos. 216, 219. Pursuant to that Order, fact discovery closed on June 23, 2022, except for limited remaining fact discovery set forth therein, which was to be completed by July 23, 2022. The limited remaining fact discovery included, among other things: (1) a production of documents from Plaintiff Tammy Davis; and (2) discovery related to whether Plaintiffs' counsel Open Communities Alliance ("OCA") is qualified to serve as class action counsel under Fed. R. Civ. P. 23(g), due to a potential conflict of interest OCA has in serving as Plaintiffs' counsel and counsel

for unnamed, putative class members.[3] ECF No. 216. On July 20, 2022, Plaintiff Tammy Davis completed her production of documents. On July 6, 2022, HACH completed its production of documents.

Fact discovery as to most issues ended on May 12 and July 23, 2022. ECF Nos. 208, 216. The only remaining issue as to which fact discovery remains open is HUD's subpoena to OCA. On July 21, 2022, the Court granted the parties' consent motion to extend the fact discovery deadline for HUD's subpoena to September 23, 2022. ECF Nos. 221, 223. On September 15, 2022, the Court granted a further consent motion to extend the fact discovery deadline for the HUD subpoena to October 24, 2022. ECF Nos. 232, 234. On October 11, 2022, Magistrate Judge Spector held a status conference. ECF No. 237.

All other fact discovery is now complete.

**A.      Discovery Status with Imagineers**

Currently there are no outstanding discovery disputes between Plaintiffs and Imagineers.

**B.      Discovery Status with HACH**

Currently there are no outstanding discovery disputes between Plaintiffs and HACH.

**C.      Discovery Status with Non-Party Leumas**

Currently there are no outstanding discovery disputes between Plaintiffs and Leumas.

**D.      Discovery Status with City of Hartford**

Currently there are no outstanding discovery disputes between Plaintiffs and the City of Hartford.

---

[3] Plaintiffs' counsel disagree with HUD's contentions.

### E.      Discovery Status with HUD

On October 27, 2021, HUD served a Subpoena on Non-Party OCA, an advocacy organization and one of Plaintiffs' attorneys in this matter. On November 10, 2021, OCA submitted its Responses and Objections to HUD's subpoena, which objected to producing any documents in response to the subpoena and offered to have a meet and confer with HUD. HUD has withdrawn this subpoena.

On December 21, 2021, HUD served a revised subpoena on OCA. HUD contends that the information sought by the subpoena is relevant to a potential conflict of interest in OCA serving as Plaintiffs' counsel, which is also relevant to whether OCA is qualified to serve as class action counsel under Fed. R. Civ. P. 23(g). Plaintiffs' counsel disagree with HUD's contentions. On January 4, 2022, OCA submitted its Responses and Objections to HUD's revised subpoena, which objected to producing any documents in response to the subpoena and offered to have a meet and confer with HUD. On March 18, 2022 and March 31, 2022, HUD and OCA met and conferred on the matter. On March 31, HUD provided OCA with specific search terms to facilitate a resolution of the matter. To date, OCA has not agreed to search for or produce any documents in response to the subpoena.

On July 21, 2022, the Court granted the parties' consent motion to extend the fact discovery deadline to September 23, 2022 for the subpoena HUD served on OCA. ECF Nos. 221, 223. On September 15, 2022, the parties jointly moved to extend the fact discovery deadline related to the HUD subpoena to October 24, 2022. ECF No. 232. The Court granted the parties' motion on September 15, 2022. ECF No. 234. The parties have been productively engaged in conversations regarding a possible settlement, which may moot the need to resolve this subpoena matter. The Court scheduled a settlement conference for October 20, 2022. ECF No. 239. In the event the case

has not settled by the conclusion of that settlement conference, HUD intends to file by October 20 or 21, 2022 a consent motion to further extend the fact discovery deadline related to the HUD subpoena.[4]

### F.   Significant Discovery Yet to Be Completed

Under the current scheduling order, no party shall seek additional written discovery or fact witness deposition testimony absent a Court order. *See* ECF No. 208 at 3; ECF No. 209. At this time, fact discovery is complete, with the exception of fact discovery related to HUD's subpoena to OCA. HUD and OCA have continued to work toward a resolution of HUD's subpoena to OCA for documents. HUD and OCA hope to reach a resolution without requiring Court intervention.

Now that fact discovery has almost concluded, the Parties are engaged in expert discovery. On August 5, 2022, Plaintiffs served the expert reports of Dr. Stefanie DeLuca and Dr. Lance Freeman. The scheduling order entered at ECF No. 216 set a deadline of August 27, 2022, for completing depositions of Initial Experts. The parties agreed to take the depositions of Dr. Freeman and Dr. DeLuca after this deadline. Dr. DeLuca's deposition is scheduled for November 4, 2022. The parties will work cooperatively to identify a date for Dr. Freeman's deposition.

## II.   Remaining Discovery Deadlines

The current remaining deadlines in this case are set forth below.

| Event | Deadline |
|---|---|
| Opposition to motion for judgment on the pleadings | 10/27/2022 |
| Completion of fact discovery related to OCA subpoena only (all other fact discovery has been completed) | 10/24/2022 |
| Reply briefs in support of motion for judgment on the pleadings | 11/28/2022 |

---

[4] HUD is aware of L.R. 7(b)(3), and expressly reserves and does not waive its rights to enforce the subpoena. Rather, HUD is attempting not to distract the other parties from resolving outstanding settlement issues, in hopes that that will help resolve the entire case by October 20 to the benefit of all parties and this Court.

| Event | Deadline |
|---|---|
| Motions for class certification and/or summary judgment | 11/29/2022 |
| Seventh Joint Status Report | 12/16/2022 |
| Opposition to motions for class certification and/or summary judgment | 1/28/2023 |
| Reply briefs in support of motions for class certification and/or summary judgment | 2/27/2023 |
| Motions related to preclusion of an expert | 30 days after ruling on summary judgment motion |
| Joint trial memorandum | To be set by the Court after a ruling on class certification, summary judgment, or preclusion of an expert (whichever is the latest), the Parties shall submit a Joint Status Report proposing the Joint Trial Memorandum deadline |

In the event that current settlement discussions are unsuccessful, HUD anticipates seeking a 60-day extension of the current November 29, 2022 deadline for motions for class certification and summary judgment, and an extension of fact discovery related to the HUD subpoena to OCA as described above.

## III.    Amendments to Pleadings or Parties

Currently, the Parties do not contemplate submitting any amendments to the pleadings or adding additional parties to this action. However, the Parties reserve their rights to amend the pleadings and/or add additional parties to this action. Defendants would likely oppose any amendment of the pleadings or adding of additional parties based on Rule 15 and Judge Shea's April 23, 2021, Order providing that the Court would not permit further amendments after May 14, 2021. ECF No. 87.

## IV.    Dispositive Motions

The Non-Federal Defendants filed dispositive motions to dismiss all claims asserted against them on May 26 and May 28, 2021. ECF Nos. 93, 98. Plaintiffs filed an opposition to those motions on June 16, 2021. ECF No. 105. The Non-Federal Defendants filed replies in support of their motions on June 30, 2021. ECF Nos. 108, 110. The Court has not ruled or scheduled argument on the motions to dismiss. The Non-Federal Defendants expect to file motions for summary judgment at the time provided by the current case schedule.

HUD filed a Motion for Judgment on the Pleadings (MJOP) under Fed. R. Civ. P. 12(c) on August 18, 2022. ECF No. 228. At the time provided by the current case schedule, Plaintiffs intend to file an opposition to HUD's motion. HUD plans to file a motion for summary judgment at the time provided by the current case schedule, which Plaintiffs would oppose.

If the case has not been resolved by the time of summary judgment briefing, Defendants expect to ask the Court to amend the existing schedule so that motions for summary judgment are briefed and decided before the parties address class certification or other issues. Plaintiffs would oppose any such request.

Further, while not a dispositive motion, Plaintiffs plan to move for class certification by the current November 29, 2022 deadline. Defendants would oppose any motion for class certification at the proper time.

**V.      Consent to Magistrate Judge for all Purposes**

The Parties do not consent to the jurisdiction of a Magistrate Judge for all purposes, including trial. The Parties do, however, consent to the jurisdiction of a Magistrate Judge for the purposes of discovery disputes and settlement conferences.

**VI.      Settlement Conference Referral**

On March 19, 2021, the Parties conferred and requested this matter to be referred to an early settlement conference. ECF No. 69. On March 25, 2021, this Court granted the Parties' request and referred this matter to Magistrate Judge Donna F. Martinez for an early settlement conference, which was held virtually on May 28, 2021, and July 28, 2021. ECF Nos. 74, 97, 113. The Parties were unable to reach settlement.

On April 7, 2022, Plaintiffs asked Defendants to attend another mediation, citing that "[t]he Court particularly urges the parties to revisit settlement prior to the expert disclosure deadlines." ECF 191 at 6. Thereafter, the parties have been engaged in settlement negotiations. On October 11, 2022, Magistrate Judge Spector held a status conference during which the parties discussed their progress in settlement discussions. ECF No. 237. The Court scheduled a settlement conference for October 20, 2022. ECF No. 239.

Submitted on October 17, 2022

By: /s/ *Michael E. Bowlus*
Lanny A. Breuer (# phv11026 )
Maureen Browne (# phv20349)
Daniel Suleiman (# phv11024 )
Andrew Stanner (*phv* forthcoming)
Nicholas Pastan (# phv240966)
Han Park (# phv20341)
Thomas Sullivan (# phv01356)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
(202) 662-5324
lbreuer@cov.com
mbrowne@cov.com
dsuleiman@cov.com
astanner@cov.com
npastan@cov.com
hpark@cov.com
tsullivan@cov.com

Benjamin Klein (# phv20264)
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
(212) 841-1000
bklein@cov.com

Alexander Setzepfandt (# phv11023)
Michael E. Bowlus (# phv20533)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105
(415) 591-7014
asetzepfandt@cov.com
mbowlus@cov.com

Erin Boggs (# ct22989)
Peter M. Haberlandt (# ct27036)
OPEN COMMUNITIES ALLIANCE
75 Charter Oak Avenue
Suite 1-200
Hartford, CT 06106
phaberlandt@ctoca.org
eboggs@ctoca.org

J. L. Pottenger, Jr. (# ct05479)
JEROME N. FRANK LEGAL SERVICES
ORGANIZATION
YALE LAW SCHOOL
P.O. Box 209090
New Haven, CT 06520
(203) 432-4800
j.pottenger@ylsclinics.org

Thomas Silverstein (# phv10914)
Sophia Jayanty (# phv20581)
LAWYERS' COMMITTEE FOR CIVIL
RIGHTS UNDER LAW
1500 K Street NW Suite 900
Washington, DC 20005
(202) 662-8600
tsilverstein@lawyerscommittee.org
sjayanty@lawyerscommittee.org

*Counsel for Plaintiffs*

By: */s/ David R. Roth*
David R. Roth (ct29876)
Aaron S. Bayer (ct12725)
WIGGIN AND DANA LLP
One Century Tower
265 Church Street
New Haven, CT 06510
(203) 498-4400
droth@wiggin.com
abayer@wiggin.com

*Counsel for the City of Hartford*

By: */s/ Alexander W. Ahrens*
Alexander W. Ahrens (ct30403)
William D. Chapman (# phv11110)
Michael R. Byrne (# phv11093)
MELICK & PORTER, LLP
900 Main Street South
Southbury, CT 06488
(203) 596-0500
aahrens@melicklaw.com
wchapman@melicklaw.com
mbyrne@melicklaw.com

*Counsel for Imagineers, LLC*

By: */s/ Anthony B. Corleto*
Anthony B. Corleto (ct13520)
GORDON REES SCULLY
MANSUKHANI, LLP
500 Mamaroneck Avenue
Suite 503
Harrison, NY 10528
(914) 777-2228
tcorleto@grsm.com

*Counsel for Housing Authority of the City of Hartford*

By: */s/ William M. Brown Jr.*
VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY
William M. Brown Jr. (ct20813)
Natalie N. Elicker (ct28458)
Assistant United States Attorneys
157 Church Street
New Haven, CT 06510
Telephone: (203) 821-3700
Fax: (203) 773-5373
Email: william.brown2@usdoj.gov
         natalie.elicker@usdoj.gov

*Counsel for United States Department of Housing and Urban Development*